CASE 96—INJUNCTION—FEB. 23.

# Louisville, City of, v. Louisville Water Company.

APPEAL FROM CHANCERY DIVISION, JEFFERSON CIRCUIT COURT.

1. CORPORATE POWERS—CONTEMPORANEOUS CONSTRUCTION.—In cases of doubt or ambiguity in the construction of the charter powers of a corporation, the construction put on such powers by the corporation for thirty years and acquiesced in by those charged with the duty of protecting the public, will be adopted by the courts.

2. SAME—CHARTER OF LOUISVILLE WATER COMPANY.—Under the charter of the Louisville Water Company which contained a provision authorizing and empowering it to take water from the Ohio river or any other stream or place and to lay its pipes or aqueducts under or over any railroad, canal, highway, street or wharf in such a manner as not to obstruct or impede the passage thereon; and providing further that in laying its pipes or aqueducts across or through any highway or street and repairing such pipes and aqueducts from time to time said corporation should not unnecessarily obstruct such highway or street but that in every case of removal of earth or pavement in any such highway or street, the said corporation should cause the earth to be replaced and the pavement to be laid new so that such highway or street should be in as good condition as the same was before such removal; the company had the right to lay its mains in the streets of the city of Louisville without first obtaining consent of the city council or the Board of Public Works.

3. CHARTER POWERS—REPEAL OF.—The charter powers of the Louisville Water Company which it had held and exercised prior to the adoption of the new constitution were not repealed by sec. 163 of that instrument providing that "no * * water * * * company, within a city or town shall be permitted or authorized to * * * lay its pipes or mains * * * along, over, under or across the streets, alleys or public grounds of the city or town without the consent of the proper legislative bodies or boards of such city or town being first obtained; but when

charters have been heretofore granted conferring such rights and work in good faith has begun thereunder, the provisions of this section shall not apply."

4. SAME.—The charter powers of the Louisville Water Company by which it was authorized to lay its mains in the streets of the city of Louisville were not repealed by section 2825 of the Kentucky Statutes authorizing the creation of a board of public works and providing that such board should have exclusive control over the streets, alleys, avenues, &c., of said city.

H. L. STONE, FOR THE APPELLANT.

1. The appellee was bound under the law to lay its water mains in accordance with the rules and regulations laid down by the board of public works.

2. The appellee's charter did not give to it any exclusive privilege or power of regulation and control of the city of Louisville.

3. Section 163 of the Constitution takes away the right of the water company, if ever it had such right, to construct its pipes and mains in the streets of the city of Louisville without the consent of the general council or the board of public works.

4. The board of public works is given exclusive control of the city streets by sec. 2825 of the Kentucky Statutes.

T. L. BURNETT AND LANE & BURNETT FOR THE APPELLEE.

1. The appellee's charter having been granted prior to the enactment of the act of February 14, 1856, reserving the power to amend or repeal charters was not subject to alteration or amendment at the will of the Legislature.   Hamilton v. Keith, 5 Bush, 458.

2. The contention of the city of Louisville that defendant could by contract to keep in repair one of its public highways, suspend or lessen the rights of the public in its highways to have water and gas pipes laid thereunder, is without any authority to support it.  24 Am. & Eng. Ency. of Law, 33.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

While appellee was putting down a water main on Edwards street, or about to do so, its servants were arrested by the city authorities for interfering with the street without the consent of the Board of Public Works or General

Council. Appellee then brought this suit to enjoin the city from obstructing its work, on the ground that it has the right to construct its mains in the streets, under its charter, without first obtaining the consent of the city authorities. It appears that appellee has exercised this right over thirty years without question; but it is now contended that appellee's charter did not confer the right, and, if it did, it is to this extent in conflict with section 163 of the Constitution, as well as section 2825 of the Kentucky Statutes, and so is no longer in force. Appellee's charter contains this provision: "The corporation is hereby authorized and empowered to take water from the Ohio river, or any other stream or place, and may lay its pipes or aqueducts under or over any railroad, canal, highway, street or wharf, but the same shall be done in such a manner as not to obstruct or impede the passage thereon. In laying its pipes or aqueducts across or through any highway or street and repairing such pipes and aqueducts from time to time said corporation shall not unnecessarily obstruct such highway or street; and in every case of removal of any earth or pavement, in any such highway or street, the said corporation shall cause the earth to be replaced, and the pavement to be laid new, so that such highway or street shall be in as good condition as the same was before such removal."

There is no contention that appellee unnecessarily obstructed the highway or failed to comply in any other respect with this provision of the charter. The only contention is that it must first obtain the consent of the city before putting down its main in the street. To so construe this statute is, it seems to us, to put words into it that the Legislature has not seen fit to use. The water company is charged by the act with the duty of furnishing the

city with water, and, to discharge this duty, is authorized
to lay its pipes or aqueducts under any highway, street,
wharf, canal, or railroad. It was certainly not contem-
plated that the consent of the county authorities was nec-
essary before the pipes could be laid in or across county
highways; and it seems to us that the act places the city
streets on the same plane with the railroads, canals, high-
ways and wharves. If this were not so, appellee might
have been powerless to discharge the duties required of
it by the act. If we felt any doubt about this as a new
question, we should be constrained to so hold after ap-
pellee has given the statute this practical construction
over thirty years, and the city has acquiesced in it for so
long a period. Harrison v. Com., 83 Ky., 162.

It remains to determine whether this provision of ap-
pellee's charter is still in force. It is insisted that it is in
conflict with section 163 of the Constitution. So far as it
is material to this controversy, that section is as follows:
"No . . . water . . . company, within a city or
town shall be permitted or authorized to . . . lay its
pipes or mains . . . along, over under or across the
streets, alleys or public grounds of a city or town
without the consent of the proper legislative bodies or
boards of such city or town being first obtained; but when
charters have been heretofore granted conferring such
rights and work in good faith has begun thereunder, the
provisions of this section shall not apply."

The language of this provision plainly limits its applica-
tion to future grants, and excludes old grants from its op-
eration. The words "no water company . . . *shall be
permitted or authorized* to lay," etc., necessarily refer to au-
thority not already granted, but to be granted in the fu-
ture. If there is any doubt of this, the last clause of the

section puts the matter beyond question, providing that it shall not apply to charters theretofore granted where work in good faith had been begun under them. When this Constitution was made, appellee had for many years been supplying the city of Louisville with water under this charter, laying its mains in the streets without the consent of the boards of the city being first obtained. The section seems to have been designed to prevent this grant of power for the future, but to have expressly excepted from its operation rights theretofore acquired where work had been in good faith begun under the grants.

It is also insisted that the right of appellee to lay its mains in the streets without first obtaining appellant's consent was taken away by section 2825 of the Kentucky Statutes, which provides: "The board of public works shall have exclusive control over the construction, reconstruction, cleaning, repairing, platting, grading, improving, sprinkling, lighting and using of all streets, alleys, avenues, lanes, markethouses, bridges, sewers, drains, wells, cisterns, ditches, culverts, canals, streams, and water courses, sidewalks, curbing and the lighting of public places."

Repeal by implication is never favored. This is especially true of a special statute where there is a subsequent general law, if the two can be reconciled or construed together. Elizabethtown & P. R. Co. v. Trustees of Elizabethtown, 12 Bush, 233; Com. v. Weller, 14 Bush. 218, [29 Am. R., 407].

Under this rule, the provision quoted from appellee's charter was not repealed by this statute. The purpose of the Legislature in adopting the statute seems to have been to define the duties of the board of public works, not to enlarge the rights of the city. This board was not created

till a few years ago. It was created to discharge certain duties theretofore imposed on other municipal officers. The statute quoted was intended to give them control over the subjects named, to the exclusion of the other city authorities; but it does not seem to have been intended to confer upon the city any power not already possessed. It would hardly be contended that the board of public works, under this section, could, as to wells, cisterns, streams, canals, or water courses, exercise any more authority than the city possessed under the previous statute, or that they could interfere with the rights of others in these things if the city had not that right before this statute was passed. The streets can not be distinguished from the other things named in the statute; and we do not think the Legislature, in passing it, had in mind the making of any change in the rights of others under existing laws. The "using of all streets" referred to in the statute are the ordinary uses of the highways such as the city had then jurisdiction over. It can not be presumed that the Legislature intended by such provision to take from appellee a right conferred by its charter, and so long exercised with the acquiescence of the city, which was important, and might be essential to the proper discharge of the duties, laid upon it.

In the discharge of these duties, as was well said by the learned chancellor in the judgment appealed from, appellee is required to lay its mains in the streets in a reasonable way, so as not unreasonably to obstruct the city in the exercise of its police powers. It must leave the street in as good condition as it was before the removal of the earth or pavements; and it must not unreasonably obstruct the highway. If it fails in any of its duties, it is liable to damages. The judgment is affirmed.