## Mt. Vernon Tel. Co., Inc. v. City Of Mt. Vernon et al.

May 23, 1950.

R. C. Tartar, Judge.

94

Duncan & Duncan for appellant.

J. Milton Luker for appellees.

JUDGE HELM—Affirming.

Appellant, Mt. Vernon Telephone Company, has been engaged in the business of operating a telephone system in Mt. Vernon, now a city of the fifth class, under a franchise granted to it in August, 1936, for a period of 10 years, by appellee, City of Mt. Vernon, then a city of the sixth class. By its terms the franchise expired in 1946. In its petition appellant alleges that in March 1936 appellee enacted its Ordinance No. 131 prohibiting the erection, construction or maintenance of poles, lines or wires upon Richmond Street and Main Street in the City of Mt. Vernon, and providing penalties for the violation of the ordinance.

Appellant alleges that in the operation of its telephone system, in order to provide adequate service to its patrons it has constructed and proposes to construct a number of poles on Richmond Street and Main Street; that the poles have been placed in what is designated by the State Highway Department as the "utility strip"; that the poles so placed "constitute no obstruction" of the streets; that Main and Richmond Streets have been designated by the Commissioner of Highways as part of the primary system as provided by KRS 177.045; that the City has made conveyances to the Department of Highways in accordance with that section, and that appellant has procured from the Department of Highways a permit pursuant to KRS 177.047 "authorizing plaintiff to construct and maintain said poles and indemnity to said Department of Highways has been provided against any damages to said streets"; that in order to afford reasonably adequate telephone service to its patrons, it is necessary for it to erect poles, lines and wires along Richmond and Main Streets; that the poles have been and will be constructed and maintained under the rules and regulations of the Department of Highways in such a manner as to afford no obstruction of the streets or interference with the travel and use there-

of; that appellant has an investment of approximately $50,000 in its telephone system; that the ordinance as it applies to appellant "is unreasonable and oppressive in that it denies to this plaintiff the right to afford adequate telephone service to its patrons, and in that it denies to its patrons the benefits of an adequate telephone system."

Appellant prays that the Ordinance No. 131 be held invalid as to appellant, and that appellee, City of Mt. Vernon and its officials, be enjoined and restrained from enforcing or attempting to enforce the provisions of the ordinance. The ordinance is filed as an exhibit with the petition.

A temporary restraining order was issued by the clerk. This restraining order was vacated on May 20, 1948. On August 18, 1948, appellant filed its amended petition alleging that on May 11, 1948, it had requested the City of Mt. Vernon, under KRS 96.010, to offer for sale a franchise authorizing the purchaser to erect and maintain poles, lines and wires upon its streets for the maintenance of a telephone system; that thereafter the council of the City of Mt. Vernon enacted an ordinance providing, among other things, that no telephone poles, lines or wires be placed on its Richmond and Main Streets, and that the telephone poles, lines and wires along those streets be removed. The ordinance is embraced in the amended petition. Appellant prayed that appellees be enjoined from offering for sale the franchise created by the ordinance, and that appellees, members of the City Council, be mandatorily required to create and offer for sale a franchise "reasonable in its terms which will permit the purchaser thereof to constuct, erect and maintain a telephone system within said City adequate to provide efficient service to the patrons of said City."

Appellees filed their general demurrer to the petition as amended, and without waiving the demurrer filed answer to the petition as amended. The demurrer of appellees was sustained. Appellant declining to plead further, the petition and amended petition were dismissed. Appellant appeals, urging that: (1) Ordinance 131 and the franchise ordinance are unreasonable; and (2) the courts may enjoin the enforcement of an unreasonable or arbitrary exercise of a police power of a municipality.

In appellant's brief it is said:

"* * * we have never and do not now question the right of a municipality of the fifth or any other class, to regulate or control the use of its streets of public ways, so long as there is no unreasonable or oppressive restriction or condition imposed on their use.

"* * * Under its general grant of powers, municipalities have the right to impose and enforce all reasonable conditions upon the use of public streets and the courts will not substitute their discretion for that of the governing authorities of the city. We do insist, however, that there is a limitation and restraint imposed upon the exercise of this authority to the extent that it must not be used in an unreasonable, arbitrary, capricious or oppressive manner."

KRS 87.070 provides: "The city council may pass ordinances not in conflict with the Constitution or laws of this state or of the United States. It may do and perform all acts and things necessary and proper to carry out the provisions of the laws relating to cities of the fifth class, and may enact and enforce, within the city limits, all local, police, sanitary and other regulations that do not conflict with general laws. * * *"

A franchise is a right or privilege granted by the sovereign to a party to do some act or acts which he could not do without this grant from the sovereign power. Our Kentucky Constitution, section 163, provides: "No * * * telephone * * * company, within a city or town, shall be permitted or authorized to * * * erect its poles, posts or other apparatus along, over, under or across the streets, alleys or public grounds of a city or town, without the consent of the proper legislative bodies or boards of such city or town being first obtained; * * *." By section 164 of the Constitution such franchise or privilege is limited to a term not exceeding 20 years.

In Kentucky Utilities Co. v. Board of Commissioners of City of Paris, 254 Ky. 527, 71 S. W. 2d 1024, 1027, we said: "* * * A reading of the debates of the Constitutional Convention bearing upon * * * section 163 of the Constitution will disclose that the main and actuating purpose of the framers of that instrument was to prevent the Legislature from authorizing the indiscriminate use of the streets of the city by public utilities without

the city being able to control the decision as to what streets and what public ways were to be occupied by such utilities. * * *"

In the instant case the City Council of Mt. Vernon enacted Ordinance No. 131 in March 1936. That ordinance provided that telephone poles and wires should not be placed on Richmond and Main Streets. Thereafter, in August 1936, appellant obtained a franchise for the operation of a telephone system in that city for a period of ten years. That franchise expired in August 1946. Thereafter, for some two years, appellant operated its telephone system without a franchise. From appellant's amended petition it appears that about May 11, 1948, it made a written request of appellee, City of Mt. Vernon, and the appellees composing the council of that City, "That there be created and offered for sale a franchise authorizing the purchaser thereof to erect, construct and maintain poles, lines and wires upon, across and over the streets of the City, and to maintain a telephone system within the City for the transmission of telephone messages"; that thereafter the council enacted the Telephone Franchise Ordinance, filed as an exhibit with the amended petition, providing for a franchise for a term of 20 years, and providing that poles, wires and appliances to be used by the purchaser of the franchise "shall be neat and symmetrical and shall be erected so as not in any way to interfere with the free use of the street," and providing that the location of poles and wires on Main and Richmond Streets shall be done in accordance with Ordinance No. 131, and providing that the purchaser extend and operate its telephone system efficiently and in accord with the best practices as developed from time to time.

KRS 96.010 provides: "* * * the legislative body of each city shall provide for the sale of a new franchise to the highest and best bidder on terms that are fair and reasonable to the city, to the purchaser of the franchise and to the patrons of the utility. * * *" In the Kentucky Utilities Company case, supra, we said: "* * * The act simply requires the city to offer a new franchise on the terms set out in the statute. The old franchise holder may not even be the successful bidder at the new sale. * * *"

In recent years the principal business streets of

our cities are crowded with people and traffic. It is common knowledge that telephone poles and wires have been removed from the principal business sections of most of our cities. We have made a careful study of the ordinances in question. Under present day conditions we are unable to say that they are arbitrary, capricious, oppressive or unreasonable.

The judgment is affirmed.