**CUMBERLAND VALLEY RURAL ELEC-
TRIC COOPERATIVE CORPORATION,
Appellant,**

**v.**

**William COX et al., as Members of Utilities
Board of City of Corbin, Kentucky, et al.,
Appellees.**

Court of Appeals of Kentucky.

Feb. 19, 1960.

Joe S. Feather, Pleas Jones, Williamsburg, Philip P. Ardery, Louisville, for appellant.

Herman Leick, H. M. Sutton, Corbin, for appellees.

MILLIKEN, Judge.

The trial court adjudged that the City of Corbin, through its Utilities Plant Board, pay the Cumberland Valley Rural Electric Cooperative Corporation $2,805.08 for the electric service lines and equipment it had installed in a 1,650 foot strip of territory adjoining the City, which later had been annexed by the City. The Cooperative instituted the action in order to prevent the Utilities Board of the City, hereinafter referred to as the City, from extending its lines into the territory. The City, through its Utilities Board, furnishes both water and electricity to its customers as well as street lighting, and it was charged in the complaint that the City threatened not to extend its water lines into the annexed territory unless its newly acquired citizens, customers of the Cooperative for electricity, proceeded to purchase their electricity from the City.

The gist of the matter is that the Cooperative appealed from the judgment because it does not wish to sell the lines involved and thus lose its customers, and for the further reason that it contends the amount of the judgment is not sufficient. On the contrary, the City cross-appeals on the ground that the amount of the judgment is too much. The trial court had adopted the Cooperative's 1956 cost of installation data as the fair market value charged the City in the judgment.

While KRS 96.175 does permit the City to "operate, maintain, improve and extend the electric and water plant, and provide electric and water services to any user or consumer within and without the boundaries" of the City, it must be construed in connection with the limitation imposed by KRS 96.186 that "No board operating an electric and water plant under the provisions of KRS 96.171 to 96.188 (as does the City of Corbin) shall construct any facilities or extend its existing facilities in competition with any existing facilities of any rural electric cooperative corporation." It is apparent that the added cost of duplication of service would be borne ultimately by the consumers, so the statute is designed to protect not only the affected utility but the consumers as well. We find no statutory authority empowering a court to direct a sale as was done here, but, since the date of the appealed judgment, the General Assembly has enacted KRS 96.045 which may help the litigants to solve this problem.

The judgment is reversed both on the appeal and the cross-appeal.