**CITY OF NICHOLASVILLE, a municipal corporation, Appellant,**

v.

**BLUE GRASS RURAL ELECTRIC COOP-ERATIVE CORPORATION, Appellee.**

Court of Appeals of Kentucky.

June 28, 1974.

Rehearing Denied Nov. 1, 1974.

William Miles Arvin, Nicholasville, and C. Gibson Downing, Jr., Stoll, Keenon & Park, Lexington, for appellant.

Howard N. Downing, Nicholasville, and Philip P. Ardery, Brown, Todd & Heyburn, Louisville, for appellee.

H. Hamilton Rice, Jr., Sandidge, Holbrook & Craig, PSC, Owensboro, for amicus curiae Green River Electric Corp.

John W. Beard, Jones, Beard & Harrington, Owensboro, for amicus curiae City Utilities Commission of City of Owensboro.

CULLEN, Commissioner.

In a declaratory judgment action brought by the City of Nicholasville against Blue Grass Rural Electric Cooperative Corporation, the city sought a declaration that its municipally owned electric plant had the sole and exclusive right to provide electric service within an area of 282.87 acres annexed to the city in 1971, and that Blue Grass had no right to provide electric service in that area without the consent of the city, and no authority to maintain its facilities across, along, over or under the public ways of the city. By answer, Blue Grass sought a declaration that it had the dominant, sole and exclusive right to provide electric service in the annexed area and that the city be ordered to remove electric service lines it had erected in the area as a prelude to rendering service to new customers. The circuit court entered judgment declaring that Blue Grass has "the dominant right to continue to provide electric service in the disputed territory to consumers being served at the time of the annexation and to new consumers located nearer to its facilities than to the facilities of the City of Nicholasville or any other utility as all those facilities were located prior to annexation in accordance with KRS 96.538 and that the plaintiff * * * is directed to remove all electric facilities constructed within the disputed territory after the annexation of December 13, 1971."

As indicated by the above quoted portion of the judgment, the circuit court based its decision on KRS 96.538, which was enacted in 1960 and which provides:

"Any utility providing electric service in any area annexed, subsequent to June 16, 1960, by any municipality shall have the dominant right to continue to provide electric service in said area to con-

sumers then being served and to new consumers located nearer to its facilities than to the facilities of any other utility as all those facilities were located immediately prior to annexation."

In a written opinion preceding judgment, the circuit judge rejected claims by the city that KRS 96.538 is unconstitutional, as well as the provision of KRS 279.110(5) that a rural electric cooperative corporation may:

"Construct, own, lease, operate and control any facilities across, along or under any street or public highway, and over any lands belonging to this state or to any county, city or political subdivision of this state * * *."

Appealing from the judgment, the City of Nicholasville claims error primarily in respect to the holding that KRS 96.538 is constitutional. In its brief, Blue Grass states that the .sole question presented on the appeal is whether KRS 96.538 and 279.110(5) are constitutional. We are favored with briefs amicus curiae from Green River Electric Corporation and the City Utility Commission of the City of Owensboro, addressed to the stated issue.

The facts are not in dispute. Prior to annexation the disputed area consisted of a single farm, with a dwelling and farm buildings. Blue Grass was rendering electric service to the dwelling and farm buildings, through one of its distribution lines. There were no streets in the area. Subsequent to the annexation, portions of the farm were acquired by two separate industries, for the construction of industrial plants, and the rest of the farm was acquired by a developer who plans to subdivide it for residential development. Construction of the industrial plants has been commenced, and at the request of the owners the city ran distribution lines to the sites for use of the construction contractors. The proposed residential development has not yet taken place, and no streets have been dedicated. Blue Grass's existing distribution line is closer to the

new consumers than are the lines of the city as they existed prior to annexation.

The city maintains that KRS 96.538 violates Section 163 of the Kentucky Constitution, which provides in pertinent part:

"No * * * electric light company, within a city or town, shall be permitted or authorized to * * * erect its poles, posts or other apparatus along, over, under or across the streets, alleys or public grounds of a city or town, without the consent of the proper legislative bodies or boards of such city or town being first obtained * * *."

■■ We agree with the city that the statute is unconstitutional to the extent that it purports to grant to a utility the right to occupy the streets of a city without the city's consent (in the form of a franchise granted under Section 164 of the Constitution), but we find no basis for unconstitutionality of so much of the statute as forbids a city through a *municipally owned* electric plant from *rendering service* in an annexed area to customers then being served by another utility or to new consumers located nearer the facilities of the other utility. In the latter sense the statute is comparable to KRS 96.045, which prohibits a city from constructing a municipally owned plant that duplicates an existing plant of another utility then existing in the city; KRS 96.186, which forbids cities of the third class to compete with rural electric cooperatives; and KRS 96.890, which forbids cities operating under the "TVA Act" to compete with rural electric cooperatives.

■■ There is nothing in the Kentucky Constitution to guarantee to a city the exclusive authority to provide electric service within its limits through its own plant. Whatever authority cities may have to operate municipally owned utilities is *statutory,* wherefore the legislature may restrict the scope of the authority. Thus, if the legislature chooses to provide that a city may not extend the services of a municipally

owned plant into annexed territory if another utility is then serving the territory, there is no constitutional inhibition to that provision.

The cases relied upon by the city do not hold otherwise. Whitaker v. Louisville Transit Company, Ky., 274 S.W.2d 391, did not involve a municipally owned utility. City of Flemingsburg v. Public Service Commission, Ky., 411 S.W.2d 920, did not involve any legislation undertaking to bar service by a city in annexed territory; KRS 96.538 was not applicable because no utility was serving the annexed territory when the annexation took place.

We construe KRS 96.538 as validly prohibiting a city from extending the services of its municipally owned plant into that part of annexed territory in which the statute gives to another utility the dominant right to render service.

■ However, the fact that the city's municipally owned plant is excluded does not mean that Blue Grass can erect or maintain its facilities along, over, under or across the streets of the city without the city's consent in accordance with Sections 163 and 164 of the Constitution. (At the time this lawsuit was tried there were no streets in the annexed area, but the construction and dedication of streets was imminent.) KRS 279.110(5), in purporting to give a rural electric cooperative the authority to construct and maintain facilities across, along or under any street and over any lands belonging to a city, without the consent of the city, squarely violates Section 163 of the Kentucky Constitution. Blue Grass's contention that the legislature has delegated only part of its franchising power to cities, by Section 163, and still can grant franchises itself for utility operations in cities, without regard to city consent, was rejected in Kentucky Utilities Company v. Board of Commissioners of Paris, 254 Ky. 527, 71 S.W.2d 1024; Whittaker v. Louisville Transit Company, Ky., 274 S.W.2d 391; and City of Flemingsburg

v. Public Service Commission, Ky., 411 S. W.2d 920.

■ We think KRS 96.538 is equally as unconstitutional as KRS 279.110(5), to the extent it purports to give a utility the right to use a city's streets without its consent. Cumberland Valley Rural Electric Cooperative Corporation v. Cox, Ky., 332 S.W.2d 534, merely held that the city could not extend its lines into the annexed territory to compete with the co-op; it is not authority for the proposition that the co-op could occupy the city's streets without consent of the city.

■ We do not find merit in the argument by Green River Electric Corporation, amicus curiae, that KRS 96.538 can be completely validated as an exercise by the state of its power to regulate *annexation* by cities. We do not believe the constitutional power granted cities by Section 164, to control use of their streets, can be denied to a city as to annexed territory. Once territory becomes a party of the city, Section 163 becomes applicable. We think that Green Rivers' argument is in effect negated by the holdings in Whitaker v. Louisville Transit Company, Ky., 274 S. W.2d 391, and City of Flemingsburg v. Public Service Commission, Ky., 411 S.W. 2d 920.

■ It is our opinion that the situation here presented calls for the same treatment as in Kentucky Utilities Company v. Board of Commissioners, City of Paris, 254 Ky. 527, 71 S.W.2d 1024. There this court held that the City of Paris must give a previously franchised utility the opportunity, on the expiration of is franchise, to procure a new one, on terms fair to the city, the utility and the public, by a bid in open competition, and that pending the granting of a new franchise the utility could continue to use the streets. We think that Blue Grass may be equated with the holder of the franchise in the Paris case, as concerns the obligation of the city

to offer for sale a new franchise, when the streets in the annexed area are dedicated and the use of those streets is required for the rendering of utility service, and as concerns the right of Blue Grass to use those streets pending the granting of a franchise. To the extent that KRS 96.010(2), as applied in the instant situation, would mean that Nicholasville does not have to offer a franchise and may serve the consumers in question by its own plant, it must be considered to have been impliedly repealed by KRS 96.538. Also, since KRS 96.538 expressly authorizes the existing utility to serve *new* customers, it must be considered to have impliedly repealed so much of KRS 96.045 as would authorize the city to take over the facilities of the co-op by condemnation.

To the extent that the judgment declares that the city electric plant may not render service in the annexed area to new customers located nearer the existing facilities of Blue Grass than those of the city plant, the judgment is affirmed. In all other respects the judgment is reversed, with directions to enter judgment in conformity with this opinion.

All concur.