The CITY OF FLORENCE, Kentucky, and The Union Light, Heat and Power Company, Appellants,

v.

OWEN ELECTRIC COOPERATIVE, INC., Frederic J. Cowan, Jr., Attorney General, and Public Service Commission of Kentucky, Appellees.

No. 90–SC–785–TG.

Supreme Court of Kentucky.

May 14, 1992.

Hugh O. Skees, Rouse, Skees, Wilson & Dillon, Florence, for City of Florence, Ky.

William P. Curlin, Jr., Hazelrigg & Cox, Frankfort, Robert E. Ruberg, Gary J. Sergent, O'Hara, Ruberg & Taylor, Covington, for The Union Light, Heat and Power Co.

James M. Crawford, Berry & Floyd, Carrollton, William E. Johnson, Stoll, Keenon & Park, Frankfort, Ann P. McBee, Burlington, Robert M. Watt, III, Stoll, Keenon & Park, Lexington, for Owen Elec. Co-op., Inc.

Fred J. Cowan, Atty. Gen., William E. Doyle, Asst. Atty. Gen., Utility and Rate Intervention Div., Frankfort.

Richard G. Raff, Frankfort, for Public Service Com'n.

Frank F. Chuppe, Holliday Hopkins Thacker, David L. Reichert, Wyatt, Tarrant & Combs, Louisville, Robert A. Jablon, P. David Lopez, Thomas C. Traugher, Spiegel & McDiarmid, Washington, for amicus curiae, City of Bardstown.

Morton Holbrook, James M. Miller, Holbrook, Wible, Sullivan and Mountjoy, Owensboro, Foster J. Collins, East Kentucky Power Co-op., Winchester, for amicus curiae, Big Rivers Elec. Corp. and East Kentucky Power Co-op.

Daniel T. Yates, Eugene N. Buchheit, Louisville, for amicus curiae, Kentucky Ass'n of Elec. Co-ops., Inc.

George S. Brooks, II, Kentucky Utilities Co., Lexington, Richard F. Newell, J. Wade Hendricks, Ogden, Sturgill & Welch, Louisville, for amicus curiae Kentucky Utilities Co.

REYNOLDS, Justice.

The City of Florence and its utility franchisee, The Union Light, Heat and Power Company, appeal from a judgment of Boone Circuit Court which held that Kentucky Revised Statutes 278.016, 278.017, 278.018, 96.538, 81A.490 and 279.110(5) were not rendered unconstitutional by Sections 163 and 164 of the Kentucky Constitution. The circuit court's decision provided that Owen had the exclusive right to provide retail service to all electric consuming facilities located within its certified territory, including those portions of its certified territory located within the boundaries of the City. Stated otherwise, the franchisee (Union) was not the exclusive provider of electrical service within the City's newly annexed territory.

The parties stipulated to a set of facts summarized as follows:

The City of Florence (City) is a municipal corporation of the third class located in Boone County, Kentucky, and The Union Light, Heat and Power Company (Union) is an investor-owned electric utility which provides electrical services to customers within portions of the city. Following enactment of ordinances, the City, on October 9, 1973, granted Union an exclusive 20-year franchise to use the streets, alleys and public grounds within the city and which Union has utilized for the construction and maintenance of electric service facilities. Owen Electric Cooperative, Inc. (Owen) is an electric utility serving customers in Boone County. Prior to City annexation Union and Owen provided electrical service to consumers in separate and abutting areas which had been certified to each as its exclusive service territory by the Public Service Commission pursuant to KRS 278.016 through KRS 278.020. After granting a franchise to Union, and after certification of the service territories, the City expanded its boundary, by annexation, and which included areas being in the certified territories of both Union and Owen.

The City and Union filed a complaint for a declaratory judgment against Owen which would provide that the parties' franchise agreement gives Union the exclusive right to serve all utility customers within the City's newly annexed boundaries. By amendment, the Attorney General was named a party herein and the Public Service Commission was permitted to intervene. Amicus Curiae designated in this opinion have filed briefs.

The City and Union assert that their vested constitutional rights are superior to the statutory rights claimed by Owen. Their declaratory judgment action states that a municipality has a constitutional right to determine which public utility may serve its citizens pursuant to Section 163 and 164 of the Kentucky Constitution.

Stated otherwise, the issue is whether the franchise power of the City under Sec-

tions 163 and 164 of the Kentucky Constitution includes the right to authorize Union to provide electrical service in the annexed territory, thereby overriding the statutory provision which regulates electric service areas.

A view to understanding the issue may be obtained by analyzing Sections 163 and 164 of the Constitution, which are the sole basis for appellant's argument that the enunciated statutes are unconstitutional. These sections follow:

§ 163. **Public utilities must obtain franchise to use streets.**—No street railway, gas, water, steam heating, telephone, or electric light company, within a city or town, shall be permitted or authorized to construct its tracks, lay its pipes or mains, or erect its poles, posts or other apparatus along, over, under ·or across the streets, alleys or public grounds of a city or town, without the consent of the proper legislative bodies or boards of such city or town being first obtained; but when charters have been heretofore granted conferring such rights, and work has in good faith been begun thereunder, the provisions of this section shall not apply.

§ 164. **Term of franchises limited—Advertisement and bids.**—No county, city, town, taxing district or other municipality shall be authorized or permitted to grant any franchise or privilege, or make any contract in reference thereto, for a term exceeding twenty years. Before granting such franchise or privilege for a term of years, such municipality shall first, after due advertisement, receive bids therefor publicly, and award the same to the highest and best bidder; but it shall have the right to reject any or all bids. This section shall not apply to a trunk railway.

 Union advises that constitutional Section 163 gives a municipality the exclusive right to determine which public utility would be permitted to operate within its boundaries. However, it is clear that the framers of the Constitution meant to vest a municipality with only the right and power to control the original occupation of its public ways and streets. *Kentucky Utilities Company v. Board of Commissioners of City of Paris*, 254 Ky. 527, 71 S.W.2d 1024 (1933).

 The constitutional sections do not grant a municipality the authority to franchise a right to sell electricity within the boundary of a city. The right to produce and sell electricity as a commercial product is not a prerogative of the government, but is a business which is open to all, and for that reason is not a franchise. *City of Princeton v. Princeton Electric Light & Power Co.*, 166 Ky. 730, 179 S.W. 1074 (1915), determined that the franchise which a municipality can grant is the use of its streets for the delivery of the light and power.

The City and Union refer to no case that provides that Section 163 of the Kentucky Constitution grants the City the authority to franchise the right to sell electricity within its boundaries.

 It is erroneous for appellants to assume that the City has the constitutional right to sell electricity within its boundaries. It is a misconception to characterize Sections 163 and 164 as eliminating total legislative authority regarding franchising. In effect, municipalities have only the right to grant street franchises. The General Assembly retains significant power over franchising within a municipality. A franchise is not "purely local" in character. *See Kentucky Utilities Company v. Board of Commissioners of City of Paris, supra.*

Included within appellant's argument that their constitutionally vested rights are superior to those statutory rights claimed by Owen are six statutory sections which are stated to be unconstitutional. Three sections, KRS 278.016, KRS 278.017 and KRS 278.018 comprise the certified territory statute and the purpose as set forth in KRS 278.016 is as follows:

278.016. **Commonwealth to be divided into geographical service areas.**—It is hereby declared to be in the public interest that, in order to encourage the orderly development of retail electric service, to avoid wasteful duplication of distribu-

tion facilities, to avoid unnecessary encumbering of the landscape of the Commonwealth of Kentucky, to prevent the waste of materials and natural resources, for the public convenience and necessity and to minimize disputes between retail electric suppliers which may result in inconvenience, diminished efficiency and higher costs in serving the consumer, the state be divided into geographical areas, establishing the areas within which each retail electric supplier is to provide the retail electric service as provided in KRS 278.016 to 278.020 and, except as otherwise provided, no retail electric supplier shall furnish retail electric service in the certified territory of another retail electric supplier.

The legislature explicitly granted the right to the Public Service Commission to establish boundaries of certified areas by its enactment of KRS 278.017, and granted the right to serve certified territories by the enactment of KRS 278.018(1):

278.018. **Right to serve certified territory.**—(1) Except as otherwise provided herein, each retail electric supplier shall have the exclusive right to furnish retail electric service to all electric-consuming facilities located within its certified territory, and shall not furnish, make available, render or extend its retail electric service to a consumer for use in electric-consuming facilities located within the certified territory of another retail electric supplier; provided that any retail electric supplier may extend its facilities through the certified territory of another retail electric supplier, if such extension is necessary for such supplier to connect any of its facilities to serve its consumers within its own certified territory. In the event that a new electric-consuming facility should locate in two or more adjacent certified territories, the commission shall determine which retail electric supplier shall serve said facility based on criteria in KRS 278.017(3).

◼ Appellant states, correctly, that Sections 163 and 164 of the Constitution conflict with a portion of the following statutes:

KRS 279.110. **General powers of rural electric cooperative corporations.**—Any corporation created under this chapter may: ...

(5) Construct, own, lease, operate and control any facilities across, along, or under any street or public highway, and over any lands belonging to this state or to any county, city or political subdivision of this state,....

This section, as determined by *City of Nicholasville v. Blue Grass Rural Electric Cooperative Corp.*, Ky., 514 S.W.2d 414 (1974), is unconstitutional to the extent it purports to give a utility the right to use a city's streets without its consent.

KRS 96.538. **Right of existing utility in annexed area.**—

(1) Any utility providing electric service in any area annexed, subsequent to June 16, 1960, by any municipality shall have the dominant right to continue to provide electric service in said area to consumers then being served and to new consumers located nearer to its facilities than to the facilities of any other utility as all of those facilities were located immediately prior to annexation.

(2) Any utility providing water, sewer or gas service in any area annexed, subsequent to July 15, 1980, by any municipality shall have the dominant right to continue to provide water, sewer or gas service in said area to consumers then being served and to new consumers located nearer to its facilities than to the facilities of any other utility as all those facilities were located immediately prior to annexation.

This section, as determined by *City of Nicholasville v. Blue Grass Rural Electric Cooperative Corp., supra,* is unconstitutional to the extent it purports to give a utility the right to use a city's streets without its consent.

KRS 81A.490. **Rights of utilities preserved.**—Notwithstanding any other provisions in this chapter, all rights of the utilities providing utility services in any area annexed by a city prior to the annexation, existing under other statutes,

laws, or regulations are hereby expressly preserved.

We state that this section, to the extent it purports to give a utility the right to use a city's streets without its consent, is unconstitutional. The reasoning enunciated in *City of Nicholasville v. Blue Grass Rural Electric Cooperative Corp., supra,* is applicable. The rights of utilities, within this section, may be preserved as concerns the obligation of the municipality to offer for sale a new franchise when the streets in the annexed area are dedicated and the use of those streets is required for the rendering of utility service, and as concerns the right of the utility to use those streets pending the granting of a franchise.

 Reference by appellants that Sections 163 and 164 totally eliminate legislative authority regarding franchising is too exclusive. We discern that there is fallacy in appellant's argument that the franchise is purely local. *Kentucky Utilities Company v. Board of Commissioners of City of Paris, supra.* A franchise inheres in the sovereignty of the state, and save to the extent it has been delegated by the constitution to some local subdivision, it is subject to the control of the legislature. The Debates of the Constitutional Convention bearing upon Section 163 disclose that the actuating purpose of the framers of that instrument was to prevent the legislature from authorizing the indiscriminate use of the streets of the city by utilities without the city being able to control the decision as to what streets and public ways were to be occupied by the utility. No language is discerned in either Section 163 or 164 of the Constitution indicating that the state has been deprived of the right to exercise police power and the right to implement control of rates and services of the utilities enumerated in the Act. *See Southern Bell Telephone & Telegraph Co. v. City of Louisville,* 265 Ky. 286, 96 S.W.2d 695 (1936).

 A franchise thus granted by a municipality is granted subject to the right of the state to exercise its police power in the respect aforementioned. The granting of a franchise on proper terms and the award of it to the highest and best bidder is held not to prevent the Public Service Commission from regulating rates and services of the enumerated utilities stated in the Acts of 1934. Constitutional Section 164 establishes the rules by which a franchise must be sold, but in effect does not expand any authority conferred by Section 163. *Ray v. City of Owensboro,* Ky., 415 S.W.2d 77, 79 (1967).

The manner of performing a particular function or the form of arrangement in which regulating is done was determined in *Smith v. Southern Bell Telephone & Telegraph Co.,* 268 Ky. 421, 104 S.W.2d 961, 963 (1937). Therein it was recognized that the authority to regulate rates and modes of conducting business of public utilities has been held to be primarily a legislative function of the state.

 The General Assembly, by enacting the certified territory statutes, KRS 81A.490, KRS 96.538 and KRS 279.110(5), has utilized its right to exercise such police power. This is an inclusion to regulate rates and services, not in the face of Constitutional Section 163, but in harmony with the reserved power of the state to safeguard vital interests of the people. *See Southern Bell Telephone & Telegraph Co. v. City of Louisville, supra.* A constitutional prohibition against impairing the obligation of contracts (and the franchise being a contract) is not an absolute one to be read with literal exactness. Legislation enacted under police power is not invalid merely because of its incidental effect. *See Milner v. Gibson,* 249 Ky. 594, 61 S.W.2d 273 (1933).

 Appellants argue that the trial court's reliance upon *Southern Bell Telephone & Telegraph Co. v. City of Louisville, supra,* and *Benzinger v. Union Light, Heat & Power Co.,* 293 Ky. 747, 170 S.W.2d 38 (1943), is error. We do not agree. Neither of the cited authorities diminishes the Public Service Commission's power to regulate utility services. While *Benzinger, supra,* determines that a municipality may direct construction of utility facilities within the streets of the city, it does not lessen the authority of what utili-

ty will provide services to which customers and being an efficacy of police power. Clearly this authority does not invade a municipality's right to control the use of its streets and public grounds. It would be inappropriate to divest the state of this police power where there is no express or clear mandate enumerated in Section 163 of the Constitution. This power is an inherent attribute of sovereignty. *Henry v. Parrish,* 307 Ky. 559, 211 S.W.2d 418 (1948). The basis thereof lies in the Constitution which regards the public welfare, safety and health of the citizenry. The enactment of the Public Service Commission and the regulation of public utilities has and does serve a public purpose. It has a substantial relation to the public welfare, safety and health and, in a real degree, promotes these objects. When a conflict does arise between the police power and the constitution, the courts, as we have herein, construe the constitution to fit in with the police regulations if at all reasonable. Those portions of the Acts which have not heretofore been held unconstitutional are deemed constitutional.

Misinterpretation by the trial court of the decision of *City of Nicholasville v. Blue Grass Rural Electric Cooperative Corp., supra,* is the gist of appellants' argument. Therein the constitutionality of KRS 96.538 and KRS 279.110(5) were challenged by the municipality (operating its own power plant). One of the powers reviewed by the court was that of the City to prohibit a public utility from using City streets without obtaining a franchise. The court, under the circumstances of that case, properly held that the statutes were unconstitutional *to the extent* that they purported to grant to a utility the right to occupy the streets of the city without the city's consent. That is not the complete issue in this case. In *Nicholasville, supra,* it was held that the statutes were constitutional as validly prohibiting a city from extending the services of its municipally owned plant into part of annexed territory in which the statute gives to another utility the dominant right to render service. Albeit a municipally owned plant was involved therein, the same reasoning may be applicable where

two privately owned utilities are equally subject to the statutes. The trial court correctly recognized that the utility properly serving the annexed territory must acquire or be afforded an opportunity to acquire a franchise to use the municipal streets. The parties are reminded that Union's 1973 franchise as issued pursuant to Constitutional Section 164 provided for the acceptance of the statutory provisions. As the certified statutes are constitutional, it is clear that KRS 96.538 and KRS 279.110 are valid.

The trial court concluded correctly that Constitutional Section 163 did not deprive or strip the legislature of the right to control utility service territories and found no constitutional grant guaranteeing a municipality the authority to control retail electric services territories within its limits. The trial court's reliance upon *City of Nicholasville v. Blue Grass Rural Electric Cooperative Corp., supra,* is correct. The power of the legislature to regulate services of electric utilities has not been abrogated. *See Bland v. Cumberland Telephone & Telegraph Co.,* 109 S.W. 1180 (Ky.1908); *Cumberland Telephone & Telegraph Co. v. City of Calhoun,* 151 Ky. 241, 151 S.W. 659 (1912).

Appellants have omitted any reference to the franchising ordinance between the City and Union which became effective October 6, 1973, and is an exhibit included with the agreed set of facts. The certified territory statutes, as well as KRS 279.110 and KRS 96.538(1), were enacted prior to the franchise. These statutes are a part of the franchise between the City and Union by operation of law. The ordinance containing the franchise terms requires that the successful bidder of the franchise must be a utility providing electrical service under KRS 278.010 and any succeeding section. Such succeeding sections include the certified territory statutes. It is a familiar principle of constitutional law that constitutional and statutory provisions in effect at the time a contract is made become a part of the contract. *Whitaker v. Louisville Transit Co.,* Ky., 274 S.W.2d 391 (1954).

Requiring compliance with, or the enforcement of, a statutory condition which was attached to a franchise at the time it was granted cannot be said to be an impairment of any obligation binding on the state in the constitutional sense.

*Whitaker, supra,* and *City of Flemingsburg v. Public Service Commission,* Ky., 411 S.W.2d 920 (1966), are factually distinguishable from this case. While the regulatory statutes referred to in these cases were not found unconstitutional, all the competing utilities were qualified under state law to provide the particular utility service in question. Union is not certified under state law to provide retail electric service in the annexed area while Owen is certified. While territorial certification is not a substitute for municipal franchise, neither is municipal franchise a substitute for territorial certification.

■ It is fair, conscionable and constitutional to afford prospective application to Section 163 of the Constitution rather than retroactive application. Before annexation, Owen, lawfully, was serving customers and utilizing, in part, any noncity streets/roads in its certified area prior to the city's annexation. The delegates of the Constitutional Convention evidenced an intention to empower municipalities to prohibit a public utility from utilizing the public ways of a city or town without prior consent, but no intent is discerned demanding ouster from an area where facilities were lawfully in existence and in operation prior to such area becoming an annexed part of the municipality. See *City of Louisville v. Louisville Water Company,* 105 Ky. 754, 49 S.W. 766 (1899), and *City of Louisville v. Cumberland Tel. & Tel. Co.,* 224 U.S. 649, 32 S.Ct. 572, 56 L.Ed. 934 (1912). The language of these cases prohibits the retroactive application of Constitutional Section 163. This section does not give municipalities the power to remove a utility whose equipment is already in place and which has lawfully provided service to the area. *Truesdale v. City of Newport,* 90 S.W. 589 (Ky.1906), to the extent that it conflicts with this opinion, is overruled.

■ The City and Union insist that the effect of the trial court's order to grant Owen a franchise for its certified territory renders the "highest and best bidder" requirement of Constitutional Section 164 meaningless. The order requiring the City to offer a franchise for the newly annexed portions of the City which fell within the certified territory of Owen is approved. Precedent exists directing a municipality to offer a franchise. *City of Nicholasville v. Blue Grass Rural Electric Cooperative Corp.,* Ky., 514 S.W.2d 414 (1974); *Kentucky Utilities v. Board of Commissioners of City of Paris, supra.*

■ A franchise thus offered is made under terms of Constitutional Section 164 which is to ensure that the citizenry and the municipality are compensated adequately for the use of their properties. *Berea College Utilities v. City of Berea,* Ky.App., 691 S.W.2d 235 (1985). The terms of the franchising process are basically formulated by the municipality, subject to judicial review. *Mt. Vernon Telephone Company, Inc. v. City of Mt. Vernon,* 313 Ky. 93, 230 S.W.2d 451 (1950).

In passing upon these legislative Acts, we have reexamined the power of the legislature to enact these statutes that have been called into question and have not declared these Acts, even in part, invalid, until after every doubt was resolved in their favor. *Bowman v. Frost,* 289 Ky. 826, 158 S.W.2d 945 (1942). Those Acts held to be valid herein clearly do not offend the limitations or prohibitions of Constitutional Sections 163 and 164. Those Acts which, in part, offend the limitations of the constitution have been declared invalid to the extent noted. In sum, we have given, where possible, an interpretation which upholds the constitutional validity of the statutes. *Ratliff v. Fiscal Court of Caldwell County, Kentucky,* Ky., 617 S.W.2d 36 (1981).

The framers of the Kentucky Constitution were able men. There is no irresoluble constitutional prohibition precluding the action of Boone Circuit Court. The franchise granted by the City to Union is subject to the reserved rights or police power of the

Commonwealth exercised through the legislature.

The judgment is affirmed.

All concur.