Hubert R. BROOKS, Appellant,

v.

COMMONWEALTH of Kentucky, ex rel. J. D. BUCKMAN, Jr., Attorney General, Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1956.

B. M. Vincent, Brownsville, for appellant.

J. D. Buckman, Jr., Atty. Gen., W. Owen Keller, Asst. Atty. Gen., V. R. Logan, Brownsville, for appellee.

CAMMACK, Judge.

Hubert R. Brooks seeks a reversal of a judgment which declared vacant the office he held as a member of the Edmonson County Board of Education; and also permanently enjoined him from further acting in that official capacity. The action was instituted in the name of the Commonwealth, on relation of the Attorney General (a Quo Warranto Proceeding, KRS 415.-050), to declare the office vacant by reason of certain acts allegedly performed by Brooks in violation of KRS 160.180. Subsection 2 of that statute provides that the office of a school board member will be vacated automatically if he "becomes interested in any contract with or claims against the board," of the kind mentioned in paragraph (e) of subsection 1 of the statute. The prohibition is directed to a "sale to the board of books, stationery or any other property, materials, supplies, equipment or services for which school funds are expended."

The asserted violations of the statute were alleged sales by Brooks, or by a store owned by him or Mrs. Brooks, of supplies for the lunchroom of a school under the supervision of the school board of which he was a member. The trial court concluded that such sales had been made, in violation

914

of KRS 160.180, and therefore entered judgment against Brooks.

Brooks contends on this appeal that the judgment should be reversed because (1) no showing was made that the Attorney General authorized the institution and prosecution of the action; and (2) there was a failure to show that he, personally, received any school funds.

 The first contention was not presented to the trial court at any time during the proceedings, and is now raised for the first time on this appeal. We think it must fail for the reason that it comes too late. It is true that actions of this type, to oust usurpers of state offices, if filed in the name of the Commonwealth, must be filed on relation of, and by the authority of the Attorney General. However, where the action is purportedly filed by that official as the plaintiff, and all the pleadings refer to the Commonwealth, on his relation, as a party to the suit, we think there is a presumption that proper authority to file the action was given; and one who would dispute that fact must come forward and affirmatively establish that no such authority was given. In any event, a party will not be permitted to raise the issue for the first time on appeal, where his inaction at the trial foreclosed all opportunities to examine the facts concerning the claim. For these reasons, we think Brooks's first contention must fail.

The second ground urged for reversal is also without merit. The gravamen of KRS 160.180 is that a school board member must not become interested in a sale to the board for which school funds are expended. Brooks testified that on September 10, 1951, he sold commodities for the lunchroom to the principal of the high school. He explained that this particular sale was a wholesale transaction, and he returned the money which he received for the goods to the company from which he had obtained them. As to a sale on October 29, 1951, however, he admitted that his store had made the sale, but related that the store was in his wife's name "for Internal Revenue purposes." Nevertheless, it must be

noted that KRS 160.180 prohibits any direct or indirect interest in sales to the board. Even if the store belonged to his wife, it is obvious that Brooks was at least indirectly interested in sales made by the store. Hence, his own testimony supported the court's finding that KRS 160.180 had been violated.

The judgment is affirmed.