CITY OF RADCLIFF, Kentucky, Municipal Corporation of the 4th Class and City of Vine Grove, Kentucky, Municipal Corporation of the 4th Class, Appellants,

v.

HARDIN COUNTY, Kentucky (Hardin Fiscal Court), Appellee.

CITY OF ELIZABETHTOWN, Kentucky, Municipal Corporation of the 4th Class, Appellant,

v.

HARDIN COUNTY, Kentucky (Hardin Fiscal Court), Appellee.

Court of Appeals of Kentucky.

Oct. 17, 1980.

C. Michael Weldon, Collier, Arnett & Coleman, Elizabethtown, for appellant City of Elizabethtown.

Donald E. Skeeters, Skeeters & Bennett, Radcliff, for appellants City of Radcliff and City of Vine Grove.

Dwight Preston, Hardin County Atty., Elizabethtown, for appellee.

Before BREETZ, WILHOIT and WINTERSHEIMER, JJ.

BREETZ, Judge.

These consolidated appeals present a clash of authority between city and county governments. In question is the extent of the county's authority to grant an exclusive franchise for garbage and solid waste collection.

The facts as stipulated by the parties are as follows: On March 5, 1979, the Hardin County Fiscal Court adopted a resolution to advertise for bids for the granting of an exclusive franchise for garbage and solid waste collection and disposal within the entire area of Hardin County, Kentucky; this included the area within the city limits of the appellants and other incorporated municipalities which have elected not to appeal. On April 2, 1979, Elizabethtown adopted an ordinance to establish an exclusive franchise for garbage collection within its municipal limits. Three days later, Radcliff adopted a similar ordinance. Vine Grove at that time had a contract for the collection of garbage and solid waste within its boundaries.[1]

The county admits that before 1978 it did not have the authority to grant a franchise for garbage collection and disposal within the incorporated areas of the cities. It argues, and the lower court so held, that the passage of KRS Chapter 109 and KRS 67.-083 now gives it the authority to grant such a franchise. We reverse.

We first address the county's argument that its authority to grant the questioned franchise emanates from Chapter 109 of the Kentucky Revised Statutes. This chapter was initially enacted by the legislature in 1966 but the act was rewritten by the 1978 General Assembly. 1978 Acts, Chapter 115.

The legislature noted that the practice of dumping solid wastes on open soil and in landfills could be detrimental to the health, safety and welfare of the citizens[2] and, following the lead of Congress, declared that the state, regional and local agencies should function in the area of management

---

1. The parties in their stipulation of facts stated that the ordinances adopted by the cities of Elizabethtown and Radcliff granted an exclusive franchise for both garbage collection and disposal. The ordinances, however, do not cover disposal.

2. KRS 109.011(3).

of solid wastes.[3] The statute authorized the creation of responsible planning and management agencies to define the requirements of solid waste management with emphasis on the regionalization of such functions. It declared that the Department for Natural Resources and Environmental Protection would have regulatory power over the agencies.[4] It further declared that the counties, or combinations of cities and counties, have the primary responsibility for the collection, management, treatment, disposal and resource recovery of solid waste.[5]

Under the agreed facts of this case, we reject the county's argument that it has a unilateral right to grant an exclusive franchise for garbage collection in the entire area of Hardin County. By the terms of the statute,[6] a county has only three options. It may, in conjunction with the cities in that county, function as a solid waste management area under the terms of KRS 109.061. This option is not available here because Hardin County is not attempting to exercise its rights "in conjunction with the cities" in Hardin County nor does it appear from this record that Hardin County has ever been approved by the Department for Natural Resources and Environmental Protection as a solid waste management area.

The second option of a county is to join with other counties by contract under KRS 109.020 and to function as a multi–county area. Hardin County has not alleged, nor do the agreed facts state, that it is operating under a contract with any other county.

The third option is the same as the second except that two or more counties, instead of joining with each other by contract, may operate as a district under the terms of KRS 109.071. Hardin County is not operating as a district with any other county.

Absent any showing by the county that it is proceeding under any of the three options

granted to it, we find no provision in the statute which would authorize the county to proceed unilaterally as it has attempted in this case.

The county further argues that KRS 109.250 empowers it with the right to grant an exclusive franchise for garbage collection. That statute, insofar as it is applicable to the instant case, states:

Any county or solid waste district may require the use of any solid waste management facility or other facility meeting the standards of the department under KRS Chapter 109 by all persons, firms and governmental entities situated within the geographical boundaries thereof;

There is neither allegation nor proof that Hardin County has a "solid waste management facility" or any "other facility meeting the standards of the department." Even if the county did have such a facility, KRS 109.250 speaks only to the required use of that facility and does not speak to the issue of garbage collection. We hold that KRS Chapter 109 does not grant Hardin County the right to grant an exclusive franchise for garbage collection within the incorporated areas of the cities.

We now turn to the question of whether KRS 67.083, the Home Rule statute, vests the county with such a grant of right. The statute, we believe, must be read against the backdrop provided by the Supreme Court in *Fiscal Court, etc. v. City of Louisville*, Ky., 559 S.W.2d 478 (1977). In that decision, the predecessor KRS 67.083 was declared unconstitutional because it granted to fiscal courts carte blanche authority to administer county governments as though the legislature had expressly granted them all authority that could be granted to them. The present KRS 67.083 does not contain such a broad grant of authority to county governments. In the course of that opinion, it was stated:

last session of the legislature, this date was changed to July 1, 1982. 1980 Acts, Chapter 279, Section 1.

**3.** KRS 109.011(4).

**4.** KRS 109.011(5). The power of the Department to promulgate rules and regulations was granted in KRS 109.022 which statute originally required cities and counties, acting as solid waste management areas, to have a solid waste management plan by January 1, 1981. In the

**5.** KRS 109.011(6).

**6.** KRS 109.011(9).

Although the Fiscal Court of Jefferson County concedes that a county should not be permitted to enforce its ordinances within a municipality under many circumstances, it nevertheless contends that there are some matters where the fiscal court can supersede the powers of a city. This position would create numerous problems. The overlapping of governmental boundaries in Jefferson County creates a maze of jurisdictions. The overly broad grant of authority to fiscal courts would magnify those problems. With more that (sic) 80 incorporated cities in Jefferson County, each having its officers, ordinances and regulations, the problems engendered by KRS 67.083 would be increasingly more complex. 559 S.W.2d at 481.

Although the foregoing was not necessary to the decision in the earlier Home Rule case, it does directly point to the problems which would be encountered if the present version of KRS 67.083 were construed to permit the county to exercise an exclusive garbage collection franchise within the incorporated areas of the cities.

The present Home Rule statute, KRS 67.083, insofar as it is applicable to this action, states:

> (3) Except as otherwise provided by statute or by the Kentucky Constitution, the fiscal court of any county may enact ordinances, issue regulations, levy taxes, issue bonds, appropriate funds and employ personnel in performance of the following public functions:
>
> .    .    .    .    .
>
> (o) Exclusive management of solid waste by ordinance or contract or both and disposition of abandoned vehicles;
>
> .    .    .    .    .
>
> (r) Provision of water and sewage and garbage disposal service but not gas or electricity.

The introductory phrase, "Except as otherwise provided by statute or by the Kentucky Constitution," is applicable here. Garbage collection has been held to be a proper subject for which a city may grant a franchise. *City of Bowling Green v. Davis*, 313 Ky. 203, 230 S.W.2d 909 (1950). That opinion was written at a time when Bowling Green was a city of the third class. KRS 85.120(6) and (7) were held to authorize third class cities to grant a franchise for garbage collection. It is true that none of the appellants in the present action are third class cities, and it would follow, therefore, that they cannot rely upon KRS 85.120 as their authority to grant such a franchise. The *Bowling Green* decision, however, did not rely exclusively on KRS 85.120. The court stated:

> Were we in doubt concerning the right of cities of the third class in the respect mentioned, we would be persuaded to our present view by weighing the provisions of KRS 94.282:
>
> '(1) Any city may acquire, maintain and operate a garbage disposal system, together with extensions and necessary appurtenances thereto within or without the limits of the city.
>
> '(2) If any such garbage disposal system is acquired from a company having a franchise, such system may be acquired as an electric plant may be acquired under the provisions of KRS 96.550 to 96.900, except as otherwise provided in KRS 94.283 to 94.287.' 313 Ky. at 207, 230 S.W.2d at 911.

We hold that KRS 94.282, which relates to cities of the second to the sixth class, authorizes the appellants to grant a franchise for garbage collection within their own municipalities. We are aware that KRS 94.282 was repealed by Chapter 239, Section 4 of the Acts of the 1980 General Assembly. Nonetheless, at the time the lower court rendered its decision in this case, KRS 94.282 was in existence. The decision of the lower court was wrong insofar as it refused the appellants the right conferred upon them by KRS 94.282.

Furthermore, in Section 2 of the repealer, the General Assembly enacted KRS 82.082, effective July 15, 1980, which states in part:

(1) A city may exercise any power and perform any function within its boundaries, including the power of eminent domain in accordance with the provisions of the Eminent Domain Act of Kentucky, that is in furtherance of a public purpose of the city and not in conflict with a constitutional provision or statute.

This section supplants KRS 94.282 and does not take away the powers formerly granted the cities. Therefore, we hold that under KRS 82.082 the cities still have the power over collection of garbage within their limits.

The county argues from *Adams v. Burke*, 308 Ky. 722, 215 S.W.2d 531 (1948) that KRS Chapter 109 permits it to preempt the entire field of waste collection and disposal. We do not agree. The statute does not abrogate all of the cities' rights in this field. *See* KRS 109.020, 109.021, 109.022 and 109.-051.

In passing, we note that Chapter 398 of the Acts of the 1980 General Assembly provides for the establishment of an Interim Joint Committee on Agriculture and Natural Resources "to conduct a review of the waste statutes of the Commonwealth" in order to "improve the clarity, completeness, and organization of the statutes and to examine the manner in which they have been implemented, their comprehensiveness and their effectiveness."

The judgment of the lower court is reversed with directions to enter a judgment denying Hardin County the right to enter into an exclusive franchise for garbage and solid waste collection in the incorporated areas of the municipalities in that county.

All concur.