**RUSSELL COUNTY FISCAL COURT, Terril Flanagan, Russell County Judge–Executive, Herlen Lawless, Magistrate, Mickey Garner, Magistrate, Arles Randall Hopper, Magistrate and Bradley Redmon, Magistrate, Appellants,**

v.

**Ted KELLEY, Norma Foley, George Coe, John Brack Flanagan, and "Too Many Other Taxpayers to Name", Appellees.**

No. 91–CA–43–MR.

Court of Appeals of Kentucky.

Nov. 8, 1991.

Discretionary Review Denied by Supreme Court March 4, 1992.

Robert L. Bertram, H.K. Cooper, Jamestown, for appellants.

Jeffrey H. Hoover, Wilson, Smith & Hoover, Jamestown, for appellees.

Before HOWERTON, McDONALD and STUMBO, JJ.

McDONALD, Judge.

In July, 1990, the Russell County Fiscal Court enacted an ordinance which levied a license fee of 3% upon the retail sale of all food and beverages by restaurants, cafeterias, coffee shops, caterers, etc., which tax could be passed on to the customer. This action was commenced by the appellees, restaurant owners in Russell County, who were permitted to maintain the suit as a class action on behalf of all restaurant/food service establishments affected by the ordinance. The Russell Circuit Court declared in its final judgment that the ordinance was null and void, as it violated KRS 67.083, KRS 137.115(1)(a) and KRS 91A.400.

In its appeal Russell County insists it has the authority to levy the tax and that the trial court misinterpreted the various statutes in its analysis of the law. We disagree.

KRS 67.083, the Home Rule Act, which in subsection (2) delegates authority to counties to levy taxes *"not in conflict with the Constitution and statutes of this state,"* with the purpose of providing local government "with the necessary latitude and flexibility to provide and finance various governmental services ...," clearly limits that authority where it would overlap with that of another governmental body. In addition to subsection (2), KRS 67.083(3) and (8) provide:

> (3) The fiscal court shall have the power to carry out governmental functions necessary for the operation of the county. *Except as otherwise provided by statute or the Kentucky Constitution, the fiscal court of any county may* enact ordinances, issue regulations, *levy taxes,* issue bonds, appropriate funds....
>
> ....

8(a) The powers granted to counties by this section shall be in addition to all other powers granted to counties by other provisions of law. These powers, *other than the power to tax*, may be exercised cooperatively by two (2) or more counties, or by a county and a city, or by a county and a special district, or by a county and the state through, but not limited to, joint contracts, joint ownership of property or the exchange of services, including personnel and equipment.... (Emphasis added).

Because the General Assembly has given fourth and fifth class cities authority to impose a 3% restaurant tax on its retail sales in KRS 91A.400, the circuit court held that the appellants' attempt to impose such a tax would "deprive the two fifth class cities in Russell County of a statutory right, even though such right has not been exercised." Further authority for the trial court's conclusion is found in KRS 137.-115(1)(a), which allows a county to impose an annual $10 restaurant license fee.

■ The circuit court's judgment is, we believe, well reasoned and sound. Where the General Assembly has given the power to impose a specific tax to one government entity, a fiscal court may not also impose such a tax without violating the expressed limitations on its taxing power contained in KRS 67.083. *See also, City of Radcliff v. Hardin County*, Ky.App., 607 S.W.2d 132 (1980).

Our consideration of *Casey County Fiscal Court v. Burke*, Ky., 743 S.W.2d 26 (1988), relied upon by the county, does not lead us to a different result. Our Supreme Court in that case upheld an ordinance imposing an occupational license tax in a county with less than 30,000 people, although KRS 68.197 gave the power to levy such a tax only to those counties whose population exceeded that figure. The court concluded that KRS 67.083 gave all counties, including Casey County, the authority to levy occupational taxes, and that there were no statutory or constitutional provisions applicable to limit counties with less than 30,000 people from imposing the tax.

As the trial court found in this case, not only has the authority to tax restaurants been given to cities, but KRS 137.115(1)(a) limits a county from imposing more than $10 on a restaurant in the form of a license fee.[1] Thus, unlike the Casey County case, a statute does exist restricting the counties' power in this regard.

■ The county also complains that the trial court erred in allowing the appellees to proceed as a class. Considering the broad definition in the ordinance for "food service establishment" which includes such entities as "luncheonettes," "grills," "tea rooms," "roadside stands," "industrial feeding establishments," "public or non-profit organizations or institutions routinely serving food," and "catering kitchens," we decline to accept appellants' argument that the trial court was clearly erroneous in finding the members of the class opposed to the ordinance to be "so numerous as to make joinder ... impracticable." *See* CR 23.01.

We are not unmindful of the need of the appellant and other counties to raise funds for its operations and to fulfill its myriad obligations to its residents. Nevertheless, we hold that the Russell County Fiscal Court lacks the authority to tax the appellees on their gross retail sales. Therefore, the judgment of the Russell Circuit Court is affirmed.

All concur.

1. The statute reads: "137.115. Permissive county license *taxes.*—(1) The fiscal court of each county is hereby given the authority to impose

with respect: (a) To each restaurant serving meals, a license fee *not to exceed ten dollars ($10.00) per annum;* ...." (Emphasis added).