EASTERN KENTUCKY RESOURCES, a Partnership Consisting of Blue Ash Development Company, Inc. and Royalton Resources, Inc., Appellants,

v.

Patty ARNETT, Member Magoffin Co. for a Better Environment; Sharon Patrick, Member Magoffin Co. for a Better Environment; Magoffin Countians for a Better Environment; Natural Resources and Environmental Protection Cabinet; Charles Allen, as Magoffin Co. Judge–Executive; Hassell Gullett, as Magoffin County Magistrate; Dave Patrick, Magoffin County Magistrate and Hager Minix, Magoffin County Magistrate, Appellees.

No. 95–SC–827–DG.

Supreme Court of Kentucky.

Nov. 21, 1996.

Richard A. Getty, Walker P. Mayo, Bowles Rice McDavid, Graff Love & Getty, Lexington, for Appellants.

Gordon B. Long, Salyersville, Kathryn R. Matheny, Lauren Anderson, Office of Legal

Services, Frankfort, John C. Collins, Collins & Allen, Salyersville, for Appellees.

WINTERSHEIMER, Justice.

Eastern Kentucky Resources, a general partnership, has appealed a decision of the Court of Appeals which upheld the judgment of the circuit court which found an agreement entered into between EK Resources and Magoffin County Fiscal Court for the disposal of solid waste in a privately-owned landfill to be a franchise or privilege granted in violation of the advertisement and public bidding requirements of Section 164 of the Kentucky Constitution.

The specific issue is whether Section 164 of the Kentucky Constitution is applicable to an agreement between a county and a private company to provide solid waste management disposal services for the county on private property owned by the disposal company. The questions presented are whether the franchise or privilege contemplated by Section 164 must involve the use of public streets or highways; whether Section 164 applies to a contract involving the use of private property; whether the revised agreement gives special privileges to EK Resources; and whether the county entered into this agreement in a proprietary or private capacity as distinguished from a governmental capacity.

EK Resources states that it planned to construct, own and operate a new state-of-the art solid waste landfill in Magoffin County on the privately owned property of EK Resources. The company will accept solid waste from both within and without Kentucky.

The Court of Appeals, in a split decision, affirmed a decision of the Clark Circuit Court that the contract was a franchise requiring compliance with Section 164 as to advertising and public bidding requirements. The Court of Appeals, sua sponte, declared that part of KRS 109.041(7) was unconstitutional.

In 1991, without advertising or public bidding, EK Resources initially contracted with the Magoffin Fiscal Court for the right to construct and operate a landfill on its property in return for royalties. On April 1, 1992, after this litigation challenging the contract had been filed, the parties entered into a new contract replacing the original, this time stating a 20–year term and deleting previous exclusivity provisions. Patty Arnett, representing Magoffin County Citizens for a Better Environment and some of its individual members, attacked the contract as a franchise which would require advertisement and public bidding.

After a change of venue to Clark Circuit Court, the trial judge entered a judgment determining that Section 164 applied and that the deletion of the exclusivity provisions and the fact that the landfill was located on private property could not avoid the fact that the contract grants EK Resources preferential rights and privileges not generally available to the public at large to engage in activities which it could not do without a grant from the state. The circuit judge doubted the existence of any competition during the contract term because the contractual terms, for example, assured receipt of the same royalty from any other landfill. The Court of Appeals affirmed the decision of the circuit court. This Court accepted discretionary review.

Although reference can easily be found to Section 164 of the Kentucky Constitution, it is useful at this point to set out the specific language of that Section:

§ 164. Term of franchises limited—advertisement and bids.—No county, city, town, taxing district or other municipality shall be authorized or permitted to grant any franchise or privilege, or make any contract in reference thereto, for a term exceeding twenty years. Before granting such franchise or privilege for a term of years, such municipality shall first, after due advertisement, receive bids therefor publicly, and award the same to the highest and best bidder; but it shall have the right to reject any or all bids. This section shall not apply to a trunk railway.

The provisions of this section are self-operative and confer upon counties, as well as municipalities, the authority to grant franchises and privileges pertaining to subjects over which they have responsibility. *Irvine*

*Toll Bridge Co. v. Estill County,* 210 Ky. 170, 275 S.W. 634 (1925). The purpose of this section is to give information to anyone who has an interest in the privilege to be sold, to allow citizens of the community to protect their rights, and to enable the governmental entity to receive value for the privilege granted. *City of Princeton v. Princeton Electric Light & Power Co.,* 166 Ky. 730, 179 S.W. 1074 (1915).

## I.

■ Here, the revised agreement gives special privileges to EK Resources which could not be enjoyed by the general public. The management of solid waste, including its disposal, is vested exclusively in county fiscal courts. KRS 67.083(3) provides in relevant part:

The fiscal court shall have the power to carry out governmental functions necessary for the operation of the county. Except as otherwise provided by statute or the Kentucky Constitution, the fiscal court of any county may enact ordinances, issue regulations, levy taxes, issue bonds, appropriate funds and employ personnel in performance of the following public functions:

. . . .

*o* ) Exclusive management of solid wastes by ordinance or contract or by both. . . .

KRS 109.011 states at Subsection 6 that the intent of the General Assembly was that the primary responsibility for adequate solid waste collection, management, treatment, disposal and resource recovery shall rest with the counties. Subsection 8 does not discourage participation of the private sector, however, Subsection 9 indicates that the primary authority in solid waste management is with the counties. KRS 109.041 further provides for a plan to be implemented by the counties. KRS 224.40–315(1) states in relevant part that there are certain requirements for acceptance and approval of permits to construct a municipal solid waste disposal facility.

■ KRS Chapters 67, 109 and 224 establish that the General Assembly has placed in the counties primary responsibility and authority for the exclusive management of solid waste. Consequently, the fiscal court in this case was exercising its governmental, rather than proprietary, function in contracting with EK Resources for the construction and operation of the proposed landfill. EK Resources could not construct or operate a landfill for the disposal of solid waste in Magoffin County without the express permission of the Cabinet of Natural Resources and Environmental Protection. Consequently, the contract between the fiscal court and EK Resources was a grant of a privilege or franchise. *Irvine Toll Bridge Co. v. Estill County, supra,* states in pertinent part that counties have the right to grant franchises or privileges with reference to proper subjects in their territory of which they are given supervisory jurisdiction by the laws of the state. Solid waste is clearly a governmental function as authorized by statute and not a proprietary function.

## II.

■ The fact that EK Resources proposes to construct and operate the landfill on privately-owned property rather than on public property does not change our opinion. "It is the nature of the business, not the title to the land, that fixes its status" under Section 164 of the Constitution. *Inland Waterways Company v. City of Louisville,* 227 Ky. 376, 383, 13 S.W.2d 283, 286 (1929). It is the service that is rendered pursuant to an obligation, not the facilities employed, that determines the proper solution of the problem. *Id.* EK Resources contracted to perform a public function, the disposal of solid waste, that is a statutory responsibility of Magoffin County. EK Resources cannot avoid the constitutional mandate of Section 164 by choosing to perform that public function on its private property.

■ *City of Bowling Green v. Davis,* 313 Ky. 203, 230 S.W.2d 909 (1950), determined that garbage collection is the proper subject of a franchise to private parties because Kentucky municipalities have been given authority by statute to perform this public function. *See also City of Radcliff v. Hardin County,* 607 S.W.2d 132 (1980). Obviously, garbage collection or solid waste is closely akin to solid waste disposal, and because both func-

tions are contemplated under the counties' exclusive management of solid waste pursuant to KRS 67.083(3)(*o*), the logical conclusion when considered in light of *Davis, supra*, is that solid waste disposal also requires a franchise when it is performed by private parties. We find the rationale of these city cases applicable to counties.

KRS 109.012(10) defines solid waste management as the "administration of solid waste activities: collection, source separation, storage, transportation, transfer, processing, treatment and disposal ..." *See also* KRS 109.011(6).

■■■ A contract subject to Section 164 may involve the use of private land. Section 164 is silent on the issue of whether public or private property may be used in granting a franchise or privilege. The constitution does not require that public property be used and there is no legal basis for the position that public property must be used in order to involve a franchise or privilege. These cases must be reviewed on a case-by-case approach and strict adherence to the constitutional mandates of Section 164 should be applied by the courts. As observed in *Inland Waterways, supra*, it is the nature of the business, not the title to the land, that fixes its status under Section 164. Here, because of the terms of the contract and the rights and privileges granted to EK Resources, the circuit court and the Court of Appeals properly determined that the Fiscal Court had allowed special privileges to EK Resources involving the business of solid waste.

### III.

EK Resources argues that the statutory system of KRS Chapters 67, 109 and 224 does not require the application of Section 164 of the Constitution to solid waste management. We believe that argument is without merit.

EK Resources contends that KRS 109.041(7) is contradictory to the 20–year limitation on franchises because the statute says any county may enter into a contract for any term of years. The Court of Appeals determined that this provision of KRS 109.041(7) transgressed the constitutional

limitation of Section 164, and therefore, sua sponte, declared it to be constitutionally invalid. The circuit judge determined that this contract was constitutionally suspect as it regards the police power of the local government. *State Board of Election Commissioners v. Coleman*, 235 Ky. 24, 29 S.W.2d 619 (1930), held, "It is a fundamental principle that a statute may be valid in one part and invalid in another part, and if the invalid part is severable from the rest, the part which is valid may be sustained." *Burns v. Shepherd*, Ky., 264 S.W.2d 685 (1953), citing *Coleman, supra*. In this case, the invalid portion is severable and the remainder of KRS 109.041(7) is valid. However, we must agree with the Natural Resources and Environmental Protection Cabinet that a ruling on the constitutionality of KRS 109.041(7) was not needed to reach the decision made by the Court of Appeals. Here the contract did not exceed 20 years, and thus a ruling on this question is not necessary.

### IV.

■■■ Section 164 of the Kentucky Constitution did not require that public streets be used for a franchise to be granted. This issue was not raised or argued in the Court of Appeals. Consequently, EK Resources cannot raise it at this time. *See Brooks v. Commonwealth ex rel. Buckman*, Ky., 286 S.W.2d 913 (1956). The question of whether public streets would be used in performing this contract was not developed in the circuit court as a factual issue. The Constitution does not contain any requirement that streets be used in order to consider a contract as a grant of franchise. The authorities cited by EK Resources are without merit or application to this situation.

*E.M. Bailey Distributing v. Conagra, Inc.*, 676 S.W.2d 770 (1984), which involved the use of grain loading facilities on public property, *Willis v. Boyd*, 224 Ky. 732, 7 S.W.2d 216 (1928), which involved a contract for extracting sand and gravel from a riverbed, and *Communications Systems, Inc. of City of Danville, et al.*, 880 F.2d 887 (6th Cir.1989), which related to a cable television franchise, represent cases that construed Section 164 where a franchise was determined to be in-

valid which did not involve the use of streets and highways.

## V.

This contract granted special privileges to EK Resources. *Bailey, supra,* broadly defines what creates a franchise, citing *Mt. Vernon Telephone Co. v. City of Mt. Vernon, et al.,* 313 Ky. 93, 230 S.W.2d 451 (1950) and *Inland Waterways, supra.* In all these cases, this Court has specifically acknowledged that a franchise is a right or privilege granted by a sovereign power to a party to do some act which such party could not do without a grant from the government. *Bailey* held that a lease can grant a franchise if the lessee obtained a right or privilege not enjoyed by the citizens in general. *Bailey, supra,* at 771. Kentucky Constitution Section 164 includes both the word "franchise" and the word "privilege."

Here, the contract provided special privileges not enjoyed by the citizens in general to EK Resources. First, the contract granted EK Resources the right to operate a landfill in Magoffin County and to collect the garbage of the county free of charge. Second, EK Resources agreed to pay a royalty to the county of $2 for each ton of garbage accepted from outside the county. Third, the county stated that any other landfill which located in Magoffin County would have to pay royalty fees to the county in an equal amount to that paid by EK Resources. These conditions all constituted a special privilege which Magoffin County Fiscal Court gave to EK Resources without advertising or bidding as required by Section 164. Only a local government can contract to allow all its residential garbage to be collected free. Only a local government can agree that no other landfill company will operate within its geographic area without paying the same royalties as the current landfill. Clearly, these are privileges granted to EK Resources by the contract. Finally, the contract contained a provision which prevents Magoffin County from establishing any new rules, laws or ordinances or taxes applying to the landfill for a period of 20 years.

We should note that the argument that EK Resources had the right to develop a landfill without a special grant of authority from the county is meritless. The right of EK Resources to engage in interstate commerce to operate a landfill in its private capacity is meaningless. EK Resources subjected itself to the terms of the Kentucky Constitution when it contracted with a municipality and bargained for rights normally held only by a governmental body.

Magoffin County did not act as a private party when it entered into this contract. The collection of garbage and the maintaining of a solid waste disposal site is clearly within the police powers of the local government. The adequate disposal of garbage is necessary to public health and consequently local government, through its police power, has the right and responsibility to regulate such activity pursuant to statute.

It is the holding of this Court that the contract entered into between EK Resources and Magoffin County Fiscal Court awarded special privileges and rights to EK Resources which were not available to the general public. These contract rights and privileges were such that could only be granted by local government pursuant to the powers of KRS Chapters 67, 109 and 224 which clearly indicate that Magoffin County entered into this contract in its governmental capacity and pursuant to the lawful exercise of its police power. Section 164 of the Kentucky Constitution requires that franchises and special privileges are subject to bidding and advertising requirements.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

STEPHENS, C.J., GRAVES, KING, LAMBERT, JJ., and R. ROLAND CASE, Special Justice, concur. BAKER, J., dissents.

STUMBO, J., not sitting.