**CITY OF SALYERSVILLE, Appellant,**

v.

**MAGOFFIN COUNTY, Kentucky, By and Through Bill W. MAY, Magoffin County Judge Executive; and Magoffin County Fiscal Court Magistrates, Troy Wendell Minix, Manuel Minix, and Pernell "Buck" Lemaster, Appellees.**

No. 2004–CA–001763–MR.

Court of Appeals of Kentucky.

Nov. 10, 2005.

---

**45.** *Id.* at 889–890 (quoting KRE 702, citations omitted).

**46.** 956 S.W.2d at 889.

**47.** *Id.* at 891.

**48.** *Id.* at 892.

John C. Collins, Collins & Allen, Salyersville, KY, for appellant.

Donald W. McFarland, Salyersville, KY, for appellee.

Before COMBS, Chief Judge; JOHNSON and McANULTY, Judges.

*OPINION*

McANULTY, Judge.

The City of Salyersville ("the City") appeals the grant of summary judgment to Magoffin County in their dispute over which entity shall regulate solid waste collection in the City of Salyersville. Magoffin County, by and through its Fiscal Court and magistrates, ("Magoffin County") filed a complaint seeking injunctive relief against the City of Salyersville after the City accepted bids for garbage collection within its limits. Magoffin County asserted that it held the exclusive authority to regulate the collection and disposal of solid waste for the entire geographic area of Magoffin County pursuant to KRS Chapter 224. The circuit court, in granting the motion for summary judgment, agreed with Magoffin County that it was the exclusive agent for processing, collecting, and disposing of solid waste. This appeal follows.

The City asserts that the statutes at issue leave an exception whereby a city may be the provider of solid waste management, and that under the circumstances of this case the City of Salyersville fits within that exception. In addition, the City maintains that the summary judgment was granted prematurely since issues of fact remain to be determined. The County responds that the actions of Salyersville to unilaterally begin its own collection and disposal of solid waste were completely beyond any scope of authority belonging to the City.

Our Supreme Court has held that under the applicable statutes the management and disposal of solid waste is vested exclusively in county fiscal courts. *Eastern Kentucky Resources v. Arnett*, 934 S.W.2d 270, 273 (Ky.1996). The General Assembly, in KRS Chapters 67, 109 and 224, conferred on counties primary respon-

sibility and authority for the exclusive management of solid waste. *Id.* Yet the City cites *City of Radcliff v. Hardin County,* 607 S.W.2d 132 (Ky.App.1980), which held that even after the passage of KRS Chapter 109 and KRS 67.083 cities retain power over the collection of solid waste within the city limits.

However, our reading of that case and the existing statutory scheme convinces us that its holding is no longer applicable. A number of the statutes construed in that case have since been repealed. Under the present statutes, cities do not act unilaterally in the regulation of solid waste, but are permitted to act with the permission of counties which have developed a solid waste management plan.[1] KRS 67.083(3)(*o*), provides that exclusive management of solid waste resides with fiscal courts. In addition, KRS 109.011 states that primary responsibility for solid waste management rests with counties and solid waste management districts, and in cities already operating solid waste management systems the responsibility rests jointly with the county and the city. Only when it is in the public interest, and by mutual agreement and approval of the Environmental and Public Protection Cabinet, may a county delegate its authority to cities. KRS 109.011(6). Thus, we do not agree that cities retain the same authority to regulate solid waste management described in the *City of Radcliff* case.

The City claims, nonetheless, that it maintains authority under Chapter 224 to provide for solid waste collection within its city limits. The statutory exception the City relies on is contained in the following section of KRS 224.43–315:

The county may enter into agreements with any person for the performance of the responsibilities described in this section, including cities within its geographic boundaries, but the county shall be responsible for providing the universal collection program described in this section, except any city of the first or second class having sole responsibility for developing its portion of the solid waste plan shall be responsible for providing the universal collection within its jurisdiction, *and except any city contracting for the collection of its solid waste on February 26, 1991, may continue to contract for the collection of its solid waste if the contract provides for disposal in accordance with the area solid waste management plan.*

KRS 224.43–315(5)(Emphasis supplied).

Salyersville, a city of the fourth class, argues that the highlighted exception above applies because the City was contracting with someone to provide garbage services on the cutoff date of February 26, 1991.

The trial court found that under the circumstances of this case, the fact that on February 26, 1991, the city had contracted with someone to provide services did not trigger an exception to KRS 224.43–315. We agree. The statute provides that a city contracting for collection of solid waste on the effective date of the act may continue to do so. But we do not believe Salyersville can benefit from this exception now since it did not *continue* that contract. In this case, the county assumed control of the solid waste plan shortly after the statute's effective date. We believe the purpose of the date in the statute is not to provide an arbitrary cutoff date but to allow those cities which were providing solid waste services to continue to do so.

---

1. In fact, Magoffin County asserts that there are procedures in the solid waste management plan whereby the city can assume its own garbage collection, such as applying for a license or franchise from the county, but the City of Salyersville has not done so.

Salyersville, however, interrupted its solid waste collection service. We do not accept the City's argument that the statute means any city with a contract on the effective date may at any time contract for waste collection services. We affirm the circuit court's holding that Magoffin County has the exclusive authority over this governmental function under KRS 224.43–315.

■ The city also argues that because the city adopted an ordinance in addition to the Magoffin County Solid Waste Ordinance it may act under its own ordinance pursuant to KRS 67.083(7)(b). We disagree. KRS 67.083(7)(b) only applies where the county has adopted an ordinance which prescribes penalties for its violation, *and* the city has adopted an ordinance concerning the same subject matter *and* the city's ordinance is the same as or more stringent than the county ordinance. In this instance, the county ordinance provides a comprehensive solid waste management plan. The city ordinance merely provides that garbage collection within the city limits of Salyersville shall be mandatory. We do not agree that KRS 67.083(7)(b) has any applicability here. The ordinances are not the same. The simple fact that both ordinances concern similar subject matter does not suffice to let the city usurp the county's authority to regulate solid waste collection.

Finally, the City of Salyersville argues that the grant of summary judgment was not proper because there are issues of material fact which have not been resolved. This argument does not have merit. To begin with, the City argued below that summary judgment was warranted in its favor because there were no issues of fact left to be resolved. Further, we conclude that the facts the City raises on appeal are not facts in dispute, but simply facts the City argues in its favor. There is no dispute between the parties that the City formerly contracted for solid waste management services, and that the County subsequently assumed that role. The "disputes" raised by the city now are arguments as to the applicable law. Thus, the circuit court correctly proceeded to grant summary judgment.

For the foregoing reasons, we affirm the summary judgment in favor of Magoffin County.

ALL CONCUR.