**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0564n.06
Filed: August 8, 2007

**No. 06-5175**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| TRINA SARTAINE, Individually; ELLIOTT COUNTY SANITATION, INC., )<br><br>Plaintiffs-Appellants, )<br><br>v. )<br><br>CHARLES PENNINGTON, individually and in his official capacity as Judge Executive of Elliott Fiscal Court; ELLIOTT FISCAL COURT, )<br><br>Defendants-Appellees. ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |

Before: DAUGHTREY and MOORE, Circuit Judges, and SHADUR,[*] District Judge.

PER CURIAM. Trina Sartaine and her waste management company, Elliott County Sanitation, Inc., brought this action under 42 U.S.C. § 1983 against the defendants, County Executive Charles Pennington and the Elliott County Fiscal Court, on a claim of retaliation against the plaintiffs for the exercise of their rights of free speech and association under the First Amendment. Specifically, Sartaine contended that her contract with the county to collect solid waste was terminated because she actively campaigned against Pennington in his bid for election to the position of county executive. She also claimed that she had

---

[*]The Hon. Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

been denied due process when the fiscal court awarded a new contract to another bidder. Finding no constitutional violations as a matter of law, the district court entered summary judgment in the defendants' favor. *See Sartaine v. Pennington*, 410 F. Supp. 2d 584 (E.D. Ky. 2006). We affirm.

Reviewing the district court's opinion *de novo*, we note as an initial matter that it is unnecessary to reach the constitutional issue raised by the plaintiffs in reliance on *Board of County Commissioners, Wabaunsee County, Kansas v. Umbehr*, 518 U.S. 668 (1996). The Supreme Court held in that case that the government may not retaliate against independent contractors for their exercise of the freedom of speech by terminating or preventing the automatic renewal of at-will government contracts. In this case, however, the district court found that the plaintiff's contract had expired on its own terms after the only existing automatic-renewal clause had already been honored and, therefore, concluded that *Umbehr* was inapplicable to the plaintiff's claims. Because the plaintiff's contract had expired and because there was no further right of renewal, the county fiscal court was required by state law to accept bids for a new contract. *See Eastern Ky. Res. v. Arnett*, 934 S.W.2d 270, 273 (Ky. 1996). The fiscal court did so on the basis of a set of objective criteria, adopted without any evidence of anti-Sartaine influence on Pennington's part, and awarded the new contract to the low bidder as determined by a straightforward application of those criteria.

Under these circumstances, we conclude that summary judgment was properly entered for the defendants on the plaintiffs' First Amendment claims. Moreover, because

the plaintiffs had no entitlement to an award of the new contract, they suffered no denial of due process when that contract was validly awarded to a competing bidder. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972); *Lake Mich. Coll. Fed'n of Teachers v. Lake Mich. Cmty. College*, 518 F.2d 1091, 1094 (6th Cir. 1975).

AFFIRMED.